UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ESPERANZA ZAMORA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WALGREEN CO. d/b/a WALGREEN'S; DOES 1 through 100; and ROE CORPORATIONS 101 through 200,<br><br>　　　　　　　　　　Defendants. | Case No. 2:12-cv-1709-APG-<br><br>**ORDER DENYING MOTIONS IN LIMINE WITHOUT PREJUDICE**<br><br>(Dkt. ##45, 46, 47, 48, 49, 50, 51, 52) |

　　　　On March 28, 2014, Defendant Walgreen Co. filed seven motions in limine. [Dkt. ## 45, 46, 47, 48, 49, 50, and 51.] On March 29, 2014, Plaintiff filed one omnibus motion in limine. [Dkt. #52.] It is obvious from these motions that counsel have not conferred with each other about the upcoming trial presentations. Each of these motions is premised upon some "expectation" that the opposing party "may" offer something improper at trial. *See, e.g.*, Dkt. 45 at 1:26 - 2:1 ("*It is expected Plaintiff may seek* to introduce evidence of discussions, admissions, or offers made during formal and informal settlement negotiations, including mediation and/or settlement conferences, in this matter."). What is the foundation for these expectations? Are these motions simply prophylactic attempts to set up a "gotcha" at trial should Plaintiff inadvertently misstep?

　　　　Worse yet, some of motions simply ask the court to enforce the rules of evidence. *See, e.g., id.* (requesting a blanket order enforcing FRE 408); Dkt. #48 (seeking to enforce the exclusionary rule); Dkt. #52 at p. 11 (requesting the Court to enforce FRE 411). Many of the rules of evidence have exceptions, which cannot be evaluated until they arise in the context of a trial. While the Court appreciates the possible intent of the parties to preview some potentially problematic evidentiary issues, the way to do that is not by filing motions seeking blanket invocations of rules without any context. Such motions waste the court's time and the parties'

resources. Rather, counsel should confer first about potential issues and request a pretrial conference with the trial judge during which such issues can be discussed.

Each of the eight motions in limine (Dkt. ##45, 46, 47, 48, 49, 50, 51, and 52) is hereby DENIED WITHOUT PREJUDICE. The parties are ordered to meet and confer about the substance of these (and any other contemplated) motions in limine. If agreements are reached, the prophylactic goal may be obtained by incorporating the agreements into a stipulation and proposed order for the court to consider. Should the parties not reach an agreement and a motion in limine becomes necessary, the motion must be accompanied by a certificate that counsel conferred in good faith to resolve the issue before the motion was filed. The failure to include such a certificate of counsel will result in the denial of the motion.

Dated: March 31, 2013

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE